IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (850) 603-0851 | Case No. 5:20mj81-MJF<br><br>**UNDER SEAL** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, John Nathan Bertram, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant pursuant to 18 U.S.C. § 2703(c)(1)A)("Stored Communications Act"), 18 U.S.C §§ 3122-24, and Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (850) 603-0851, (the "Target Cellular Device"), which is described in Attachment A.

2. I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. Your Affiant

has been a Task Force Officer ("TFO") with the Drug Enforcement Administration (DEA) since 2019. Prior to becoming a TFO, your Affiant was employed as an investigator with the Walton County Sheriff's Office located in Walton County, Florida. Your Affiant has been employed as a law enforcement officer with Walton County for approximately 5 years. Your Affiant has been assigned to the Walton County Sheriff's Office investigations unit for approximately 4 years, and is currently assigned to the Vice/Narcotics Unit. Your Affiant is currently assigned as DEA Task Force Officer within the Panama City Resident Office. Your Affiant has received extensive training in narcotic investigations and drug identification. Your Affiant has experience in conducting drug investigations resulting in numerous arrests, prosecutions and convictions. In connection with my duties and responsibilities as a narcotics investigator, your Affiant has testified in judicial proceedings and prosecutions regarding violations of laws concerning controlled substances. Your Affiant has also assisted in the preparation and execution of numerous state and federal search warrants.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  The purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. While Alicia Rutledge ("Rutledge") has numerous ties to the Northern District of Florida ("NDFL") and is a lifelong resident of the area, your affiant is not certain as to where the Target Cellular Device is currently. Rutledge has several felony drug convictions, all of which occurred within the NDFL, and dating back to 2018. According to several law enforcement databases, Rutledge has provided a residence in Niceville, Florida, as her home address. Also, as further detailed below, Rutledge is aware that she had an outstanding federal warrant for her arrest, and on November 12, 2020, she used the Target Cellular Device to communicate with a co-Defendant to inform him that she did not intend to turn herself in until she got her affairs in order. Despite law enforcement going to her residence in Niceville, FL, on or about November 9, 2020, law enforcement was unable to locate Rutledge. Interviews conducted on November 9, 2020, of individuals that personally know Rutledge revealed that she has not been seen in several months. Your affiant can not attest to the veracity of the interviews.

5.  The location information described in Attachment B will assist law enforcement in arresting Rutledge who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. Rutledge was indicted in the NDFL on or about October 20, 2020, with various federal controlled substance violations, to include 21 U.S.C. §§ 841(a)(1) and 846. An Order for Arrest for Rutledge was issued on the same day by a federal magistrate. On November 9, 2020, the DEA initiated an operation to arrest Rutledge, and others, who had been indicted with federal controlled substances violations within the NDFL. As previously stated, Rutledge's whereabouts are unknown at this time.

8. Your affiant has determined that the service provider for the Target Cellular Device is Cingular Wireless (AT&T), a company headquartered at 11760 US Highway 1, North Palm Beach, Florida, 33408. The Target Cellular Device is a pre-paid phone, and based on records obtained from AT&T, is subscribed to Jennifer Rivas with address of at 121 Jacob Drive, Crestview, Florida. According to the

4

Florida Highway Safety and Motor Vehicle database, there is only one Jennifer Rivas of similar age to Rutledge, and she lives in Orlando. According to the database, there is no Jennifer Rivas that lives on Jacob Drive. Your affiant knows, based on his experience, that individuals who distribute controlled substances often use pre-paid phones with bogus subscriber information to evade detection by law enforcement.

9. The Walton County Jail has a computerized inmate communication system named GTL which the inmates utilize to communicate with individuals outside of jail (i.e. phone calls, text messages, and video calls). For a person to communicate with a specific inmate, a profile page must be established through GTL's database. The individual creating a profile page is required to provide certain biographical information to include their name. Additionally, the individual links a cellular telephone to the GTL system so the individual can use their cellular telephone to communicate with an inmate. Based on the GTL database, in October 2020, Rutledge created an account to communicate with inmates inside the Walton County Jail. Rutledge created the account using her full name. Rutledge also linked the phone number (850) 603-0851 (Target Cellular Device) to her account.

10. On November 12, 2020, the phone number (850) 603-0851 was used to send a text message, via GTL, to James Young's account at the Walton County Jail.

James Young and his partner Shelley Johnson were previously federally indicted, and were identified, based on communications intercepted during a federal judicially authorized wiretap, as suppliers of controlled substances to Rutledge prior to their own arrest in May, 2020. The message read:

> "Not going ghost, feds went to Brookes with a federal warrant for drugs, wasn't there thanl God, Damn James I got indited with you and the rest. I don't know what to do? I know I have to turn myself in but I gotta get my affairs in order. Does ypur sis still have that camper. I cant believe this, I am upset and sad, about 6 states away was before I found out. Now what do I do? I love you James"

11.     Based on the text, your affiant is uncertain if Rutledge is still in the NDFL. Your affiant nevertheless submits that this Court has the authority to issue this warrant under the Stored Communications Act. *See United States v. Ackies*, 918 F.3d 190 (1st Cir. 2019)(finding that GPS requests for cell phones fell under the Stored Communications Act, that GPS locator information for cell phones was not considered a tracking device, and that a Magistrate had authority to issue a warrant outside the jurisdiction under the Stored Communications Act); *United States v. Bundy*, 195 F. Supp. 3d 1170, 1173 (D. Or. 2016) ("The territorial limitation in Rule

41 ... does not limit warrants issued pursuant to § 2703."); *United States v. Ortega-Yescas*, No. CR 19-06-BU-DLC, 2019 WL 2299749, at *4 (D. Mont. May 30, 2019)

12.     Rutledge is believed to be the primary user of the Target Cellular Device, and if the Target Cellular Device is located, then law enforcement officers will be able to locate Rutledge and arrest her pursuant to the valid arrest warrant issued in the Northern District of Florida.

13.     For the foregoing reasons, there is probable cause to monitor the Target Cellular Device's location for the next thirty days in an effort to effect Rutledge's arrest.

## **MANNER OF EXECUTION**

14.     In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

15.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received

7

by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

16. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law

enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c)(1)A)("Stored Communications Act"), 18 U.S.C §§ 3122-24, and Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. There is good cause to seal these documents because their premature disclosure may seriously jeopardize this investigation.

21. Pursuant to Fed.R.Crim.P. 41(d)(3), your affiant requests that this affidavit be sworn over the telephone because he will be unavailable to personally appear before the Court.

TFO John Nathan Bertram, DEA

Telephonically subscribed and sworn to before me on November 16, 2020:

/s/ *Michael J. Frank*
MICHAEL J. FRANK
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned call number (850) 603-0851, with a wireless provider of AT&T.

## **ATTACHMENT B**

Pursuant to an investigation of Alicia Rutledge, she is wanted for violating Title 21, United States Code, § 841(a)(1) and 846, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).